UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Antonio Frierson, ) | C/A No.: 5:13-966-MGL-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| RC Turner, DHO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, is an inmate incarcerated at Broad River Correctional Institution alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges that Defendant Turner found Plaintiff guilty of a "903 offense" on December 6, 2011, and sanctioned Plaintiff to the loss of three days good conduct time.[1] Compl. at 3-5, ECF No. 1; *see also* ECF No. 1-1 at 3. Defendant Turner also found Plaintiff guilty of possession or attempt to possess a cellular phone, "898 phone charge," on June 30, 2011. Compl. at 5. Defendant sanctioned Plaintiff to the loss of 16 days accrued good-time credits for the possession or attempt to possess a cell phone. ECF No. 1-1 at 4. Plaintiff alleges that he is a mental health patient and that Defendant Turner failed to follow prison policies or take Plaintiff's mental health issues into consideration during the disciplinary process. Compl. at 3, 5-6. Plaintiff filed

---

[1] A document submitted by Plaintiff describes a "903 offense" as trafficking, use, and/or possession of narcotics, marijuana, or unauthorized drugs, including prescription drugs and inhalants. ECF No. 1-1 at 3.

grievances about the disciplinary convictions, but has been unsuccessful in getting them overturned. *Id.* at 4-5.

II.     Discussion

A. Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

2

B. Analysis

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint alleges that Defendant Turner violated Plaintiff's right to due process during the prison disciplinary process. It is true that disciplinary proceedings which implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974). However, in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 when success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. The Supreme Court subsequently extended the holding in *Heck* to a prisoner's claim for damages regarding loss of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[A] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983."); *see also Edwards v. Ogunsile*, C/A No. 0:09-3319-TLW-PJG, 2011 WL 779884, at *3 (D.S.C. Jan. 24, 2011) ("The rule in *Heck* applies to prison disciplinary convictions as well as criminal ones.").

3

*Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions; however, in situations in which the administrative action affected credits toward release based on good time served, *Heck* bars the § 1983 claim. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("*Heck's* requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). Plaintiff provides documents that indicate he lost good-time credit as a result of the disciplinary convictions, but provides no facts to demonstrate that his institutional convictions have been invalidated. Compl. at 4-5, ECF No. 1; ECF No. 1-1 at 3–4. Because *Heck's* favorable termination requirement applies in the instant circumstance, Plaintiff's § 1983 due process claim is barred by the holdings in *Heck* and *Edwards*. Further, to the extent Plaintiff may be seeking the return of any earned good-conduct-time credits, such relief is unavailable in §1983 action. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Therefore, the instant Complaint is subject to summary dismissal.

III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

July 2, 2013                                                                     Kaymani D. West
Florence, South Carolina                                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n

the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
P.O. Box 2317
Florence, SC 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).