IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Antonio Frierson, | Civil Action No.: 5:13-966-MGL |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| RC Turner, DHO, | |
| Defendant. | |

The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West made in accordance with 28 U.S.C. § 636 and Local Rule 73.02(B)(2) D.S.C. and filed on July 2, 2013. Plaintiff Marcus Antonio Frierson ("Plaintiff") a state prisoner in the South Carolina Department of Corrections proceeding *pro se*, brought this action on October 16, 2013, against Defendant RC Turner, DHO, ("Defendant") pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.

The Magistrate Judge has prepared a Report and Recommendation wherein she suggests that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 16). The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates such without recitation and without a hearing.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final

1

determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.  The plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation on July 19, 2013

## DISCUSSION

Plaintiff objects to the Magistrate Judge's recommendation that this matter is subject to summary dismissal.  (ECF No. 21).  Plaintiff asserts that he is not challenging the validity of his conviction or the duration of his sentence but instead appears to assert that his due process rights were violated due to Defendant's alleged failure to provide Plaintiff with a 24-hour notice prior to disciplinary hearing.

While it is true that disciplinary proceedings which implicate a protected liberty interest demand due process, *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court has also held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  The ruling in *Heck* was extended to a prisoner's claim for damages regarding loss of good time credits in *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).  As *Heck*

applies in the instant matter, and Plaintiff has not shown that his institutional conviction and sentence have been invalidated, the complaint's claims against Defendant are barred by the holding in *Heck* and *Edwards*. Accordingly, Plaintiff's objections are overruled.

## **CONCLUSION**

The Court has thoroughly reviewed Plaintiff's complaint, the Magistrate Judge's Report and Recommendation, objections to the Report and Recommendation, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is DISMISSED without prejudice and without issuance of service of process.

/s/Mary G. Lewis
United States District Judge

November 26, 2013
Spartanburg, South Carolina